[No. 10,060.]

## THE PEOPLE *v.* JAMES JOHNSON.

PRESUMPTIONS IN FAVOR OF JUDGMENT.—Where the evidence to which an instruction relates, does not appear in the record, the presumption will be in favor of its correctness.

INDICTMENT AND CONVICTION OF TWO PERSONS FOR THE SAME OFFENSE.—If two persons be jointly or severally indicted for the same offense, the conviction of one does not raise the presumption that the other is innocent.

PLEA TO BE ORAL.—In a criminal case, every plea must, under the Penal Code, be oral.

APPEAL from the Municipal Criminal Court, of the City and County of San Francisco.

The defendant was indicted for the crime of burglary. On his arraignment he asked leave to file a plea, setting up as a bar to the indictment, the prior conviction of one Emerson, for the same offense. The Court refused to allow the filing of the plea, defendant excepting. He was then put upon his trial. The instructions referred to in the opinion were as follows:

"7. The jury are further instructed that if they believe, from the evidence, that one Emerson has been, prior to the finding of the indictment in this cause, individually indicted, tried and convicted for the same identical burglary alleged and set forth in the indictment against the defendant, such individual indictment, trial and conviction of said Emerson operates, as a matter of law, to exclude the conclusion or inference of the commission of said burglary in the indictment mentioned, by the defendant; and they will acquit, unless there is proof showing that said Emerson did not commit said offense, and that the same was committed by the defendant."

"10. The jury are further instructed that the defendant is not called on or required to explain where, how and when he was wounded in the thigh, and the jury have no right to draw an inference to his prejudice, by reason of his neglect or refusal to make any explanation in reference thereto; for such running wound, and refusal to explain how and when received, is no part of the body of the offense charged in the indictment.

"12. The jury are instructed that the fact of the defendant failing to take the witness stand in his own behalf, is not to be construed to his prejudice, and that no inference can be drawn therefrom as to his guilt." The twelfth instruction was given and the others refused. The defendant was convicted, and he appealed from the judgment and from an order denying a new trial. No evidence appears in the record.

*A. M. Heslep*, for Appellant.

*Attorney-General Love* and *D. J. Murphy,* for Respondents, cited *People* v. *Best,* 39 Cal. 690; 1 Arch Cr. Prac. and Plead. 315, 7th ed.; 1 Whart. Am. Cr. Law, 429.

By the COURT :

The defendant's first point is, that the Court erred in refusing to give the tenth instruction requested by him. If by the proposition that the "defendant is not called on or required to explain when, how and where he was wounded in the thigh," it was meant that he was not required to explain by testimony other than his own, we cannot hold, in the absence of a bill of exceptions containing the evidence on that point, that the refusal to give the instruction was error. If the meaning is, that he was not required to explain the matter by his own testimony, the refusal to give the instruction was not erroneous, for that proposition is fully stated in the twelfth instruction given at the request of the defendant.

The refusal to give the defendant's seventh instruction was not erroneous. The indictment, trial and conviction of Emerson for the same burglary does not raise any presumption that this defendant is not guilty. Two or more persons may be jointly or severally indicted for the same offense; and the conviction of one no more tends to prove the innocence of the other, than would the acquittal of the one tend to prove the guilt of the other. There being no bill of exceptions in the record, we are unable to determine whether the proposed instruction was relevant, even if it be conceded to be sound as a legal proposition, in any conceivable state of the evidence.

The Court did not err in refusing to permit the defendant to file a plea setting up as a bar the prior conviction of Emerson. The Penal Code, Section 1,017, provides that "every plea must be oral."

Judgment affirmed.